**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

LARRY S. DRAGNA, ET AL.                                        CIVIL ACTION NO.

VERSUS                                                                     12-449-SDD-RLB

A & Z TRANSPORTATION, INC., ET AL.

## RULING

Before the Court is the Defendant, KLLM Transport Services, LLC d/b/a KLLM Logistics Services' ("KLLM"), *Motion in Limine*[1] wherein KLLM seeks to exclude any evidence regarding the current carrier certification requirements sheet ("Carrier Certification Sheet"[2]).  KLLM moves to exclude evidence concerning the Carrier Certification Sheet on the grounds of relevance and prejudice, FRE 401 and 403.  The motion is opposed[3] by the Plaintiffs.

According to KLLM, the Carrier Certification Sheet is irrelevant and its prejudice outweighs its probative value principally because it predates the accident in question. KLLM contends that the Carrier Certification Sheet, which was obtained from KLLM's website, was not in existence before the date of the subject accident, November 2, 2011.

In opposition, Plaintiffs do not dispute that the Carrier Certification Sheet post-dates the events giving rise to the Plaintiffs' lawsuit.  Rather, Plaintiffs contend that the Carrier Certification Sheet is relevant because it:

> "evidences the evolution of KLLM's selection process from the date of the accident to present.  This document is clearly relevant to the central issue

---
[1] Rec. Doc. 51.
[2] Rec. Doc. 51-2.
[3] Rec. Doc. 66.

23637

of this case – whether the process by which the [third-party contract carrier] was selected was reasonable and appropriate. The updated Carrier Certification Sheet shows that KLLM believed that the process by which it selected motor carriers was deficient and needed to be changed and updated following the subject matter accident in 2011."[4]

By Plaintiffs' very argument, the relevance of the proposed exhibit is to show that KLLM instituted subsequent remedial measures, which evidence is clearly inadmissible under Federal Rule of Evidence 407. The Fifth Circuit, applying FRE 407, cautions that "the introduction of evidence about subsequent changes … threatens to confuse the jury by diverting its attention from … the relevant time to what was done later."[5]

Accordingly, Defendants' *Motion in Limine*[6] is granted and evidence, testimony and argument pertaining to the Carrier Certification Sheet shall be excluded at the trial of this matter.

Signed in Baton Rouge, Louisiana, on October 30, 2014.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] Rec. Doc. 66, p. 2.
[5] *Grenada Steel Industries v. Alabama Oxygen Company*, 695 F.2d 883, 888 (5th Cir. 1983).
[6] Rec. Doc. 51.

23637