**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| LARRY S. DRAGNA, ET AL. | CIVIL ACTION NO. |
|---|---|
| VERSUS | 12-449-SDD-RLB |
| A & Z TRANSPORTATION, INC., ET AL. | |

**RULING**

Before the Court are Cross Motions in Limine seeking to exclude certain testimony of the parties' liability experts.[1] Defendant, KLLM[2] brings a *Motion in Limine to Exclude Certain Testimony of Plaintiff's Expert, Thomas M. Corsi, Ph. D.*[3] and Plaintiffs bring a *Motion in Limine to Exclude Certain Opinions of Defense Expert Lane S. VanIngen.*[4] Both motions are opposed[5].

**I.    OPINIONS OF THOMAS M. CORSI, PhD**

The Plaintiffs have retained Thomas M. Corsi, PhD to provide opinion testimony that KLLM's failure to "follow available industry practices regarding carrier selection" caused or contributed to the accident which is made the subject of the Plaintiffs' complaint.  The Defendant KLLM moves to exclude Dr. Corsi's opinions regarding the industry standard of care applicable to carrier selection on the grounds that Corsi's opinions do not satisfy the reliability standards required by Federal Rules of Evidence 702 and 703 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*[6]  Defendant KLLM cites

---

[1] The liability question is whether KLLM was negligent in its selection of A & Z Transportation as a contract carrier.
[2] KLLM Transport Services, LLC d/b/a KLLM Logistics Services.
[3] Rec. Doc. 53.
[4] Rec. Doc. 54.
[5] Rec. Docs. 61 and 67.
[6] 509 U.S. 579 (1993).

1

the Court to *Jones v. C. H. Robinson Worldwide, Inc.*[7] wherein the District Court excluded certain specific opinions of Dr. Corsi. Notably, that court concluded that objections as to Dr. Corsi's credentials with respect to transportation safety were "without merit". Specifically, the Western District of Virginia Court limited Dr. Corsi's opinion testimony in two narrow respects:

(1) Dr. Corsi was not permitted to "specifically quantify the group of carriers that should have been considered acceptable or unacceptable based upon their SEA scores or any other measure";[8]

(2) Dr. Corsi was not permitted to "testify with regard to any opinion … [regarding] carrier selection practices based upon [an] informal internet survey he performed immediately prior to his deposition testimony".[9]

The Court finds the *Jones* case relied upon by KLLM distinguishable. In this case, Corsi's opinion[10] does not quantify or otherwise identify a "group of carriers" which should have been considered acceptable or unacceptable by KLLM. Secondly, the basis of Corsi's opinion that KLLM's carrier selection practices are "tragically flawed" is not based on an informal internet survey performed by Dr. Corsi, as was the case in *Jones*.

KLLM contends that the bases relied upon to formulate his opinion are either unreliable or insufficient. Specifically, KLLM takes umbrage with Dr. Corsi's reliance on an article posted on an internet site for the Transportation Intermediaries Association, the American Chemistry's Council's Responsible Care Management System adopted in 1988 and the Carrier Selection Policy utilized by Swift Logistics, LLC.[11]

---

[7] 558 F. Supp. 2d 630 (W.D. Va 2008).
[8] Id at 654
[9] *Id.* at 654.
[10] Rec. Doc. 53-3.
[11] Presumably a competitor of KLLM.

In opposition, the Plaintiffs rely heavily upon Dr. Corsi's education, background, publications, and work in the field of logistics, transportation, and motor carrier safety.

Essentially, Dr. Corsi opines that, had KLLM had Carrier Selection Policies similar to those used by other major shippers and brokers, A&Z Transportation would not have been selected. Corsi's main complaint with KLLM's selection process is its selection of carriers with three BASIC scores above the threshold which Corsi opines is not in keeping with industry best practices. Secondly, Dr. Corsi is critical of KLLM's Carrier Selection Policy in that it permits the engagement of carriers which have not received any safety ratings.

Expert testimony is appropriate when specialized knowledge would be helpful to the enlightenment of untrained lay persons. The fields of knowledge which may be drawn upon are not limited merely to the scientific and technical but extend to "specialized" knowledge.[12]

The expert's opinion, however, must be grounded in an accepted body of learning or experience and the expert must explain how the conclusion is so grounded. However, "the trial court's role as gatekeeper is not intended to serve as replacement for the adversary system."[13] Through cross examination, an expert's theory can be challenged as to whether its foundational underpinnings are objective or subjective.

In the Court's view, the bases for Dr. Corsi's opinions are best left to the challenge of able cross examination. "As a general rule, questions relating to the basis

---

[12] Federal Rules of Evidence 702.
[13] *U.S. v. 14.38 Acres of Land, Sit. in Leflore Cty. MS.*, 80 F.3d 1074, 1078 (5th Cir. 1996).

and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."[14]

For the foregoing reasons, KLLM's *Motion in Limine*[15] seeking to exclude testimony of Dr. Corsi is DENIED.

## II. OPINIONS OF LANE S. VANINGEN

Plaintiffs' urge a *Motion in Limine*[16] to exclude opinion testimony from KLLM's expert, Lane S. VanIngen. Plaintiffs move to exclude opinion testimony by VanIngen that KLLM's selection of A&Z Transportation as a freight carrier was reasonable and appropriate. Plaintiffs challenges of VanIngen's opinions are similar to KLLM's challenges of Dr. Corsi's opinions. Plaintiffs contend that VanIngen's knowledge regarding the freight brokerage industry is lacking and therefore hos opinions as to the industry standard of care are unreliable. For the same reasons that the Court denies KLLM's Motion to exclude opinion testimony of Dr. Corsi regarding best practices, the Court declines to exclude testimony from VanIngen regarding best industry practices.

Plaintiffs' *Motion in Limine*[17] as to Lane S. VanIngen is DENIED.

## III. CONCLUSION

As to both the Plaintiffs' expert, Dr. Thomas Corsi, and the defense expert, Lane VanIngen, the Court will allow each party's expert to provide their respective opinions regarding best practices for freight carrier selection. However, neither expert will be permitted to provide opinion testimony with respect to the ultimate conclusion of whether or not KLLM's conduct in this case, hiring A&Z Transportation, Inc., was

---

[14] *Id.* at 1077.
[15] Rec. Doc. 53.
[14] Rec. Doc. 54.
[17] Rec. Doc. 54

4

reasonable.  The reasonableness, or arguable lack thereof, is the ultimate determination for the trier of fact and the expert's will not be permitted to make this ultimate conclusion as to reasonableness by way of opinion testimony.

Signed in Baton Rouge, Louisiana, on <u>November 6, 2014</u>.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**